# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ZIXUAN RAO, JOSEPH BARUCH, KYLE BARBARO, STEVE EAKIN, MICHAEL HOPKINS, BO LAURENT, ADAM LEE, ASHLEY MARIN, KEVIN MELKOWSKI, LORENZO FERGUSON, AND BENJAMIN GULKER,

Plaintiffs,

v.

AMAZON.COM, INC.

Respondent.

Case No.2:20-mc-00104 JCC

**PLAINTIFFS' MOTION TO COMPEL AMAZON.COM, INC.'S COMPLIANCE WITH SUBPOENA**

Underlying case: *In Re: MacBook Keyboard Litigation*, No. 5:18-cv-02813-EJD (VKD) (N.D. Cal.)

**NOTE ON MOTION CALENDAR: 12/4/20**
ORAL ARGUMENT REQUESTED

## I. INTRODUCTION

This discovery dispute arises out of Amazon's refusal to produce sales records relevant to Plaintiffs' claims in a consumer class action pending against Apple. Amazon is a major reseller of Apple MacBook laptops, which are the subject of the underlying class action. Plaintiffs allege that MacBooks sold between 2015 and 2019 (the "MacBooks") are defective because their butterfly keyboard design is prone to failure.

Plaintiffs in the underlying class action served a subpoena on non-party Amazon on January 17, 2019 requesting production of Amazon's sales records related to the allegedly defective MacBooks. The requested sales data is essential to Plaintiffs' damages analysis because Plaintiffs' expert will

PLAINTIFFS' MOTION TO COMPEL AMAZON.COM, INC.'S COMPLIANCE WITH SUBPOENA - 1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

calculate aggregate damages based upon total sales of the MacBooks at issue. The information can only be obtained from Amazon. Fact discovery closes in January and the merits report of Plaintiffs' expert is due in February, six days after the hearing on Plaintiffs' motion for class certification. Accordingly, any further delay in production of this essential data will prejudice Plaintiffs' ability to present a complete damages analysis.

Plaintiffs and Amazon have met and conferred about the subpoena on numerous occasions. Amazon initially indicated that it would produce the requested sales data if Plaintiffs could provide a list ASIN[1] identifiers for the relevant MacBooks. But when Plaintiffs provided that list, Amazon reversed course and claimed that production of the requested sales data would be unduly burdensome. Amazon, however, has failed to quantify the purported burden in terms of either the time or expense that would be required to produce the requested information. Amazon's generalized assertions of burden do not justify its refusal to comply with Plaintiffs' properly served subpoena. Accordingly, Plaintiffs respectfully request that the Court enforce the subpoena and require Amazon to produce electronic data reflecting the number of MacBooks it sold as well as the price and purchase date of each MacBook.

## II. RELEVANT BACKGROUND

In July 2018, the Honorable Edward J. Davila, United States District Judge in the Northern District of California, San Jose Division, entered an Order consolidating several related proposed class actions for all pre-trial and trial proceedings under the caption *In Re: MacBook Keyboard Litigation*, No. 5:18-cv-02813-EJD (VKD) (*See* Declaration of Beena M. McDonald In Support of Motion to Compel Compliance with Subpoena ("McDonald Decl."), ¶ 2.) In the underlying action, Plaintiffs allege that certain MacBook laptops equipped with "butterfly keyboards" are defective and prone to

---

[1] An "ASIN" refers to an Amazon Standard Identification Number used to identify products sold on the Amazon.com website.

PLAINTIFFS' MOTION TO COMPEL AMAZON.COM, INC.'S
COMPLIANCE WITH SUBPOENA - 2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

keyboard failure. (*Id.*) Nine causes of action seeking damages in the operative Second Amended Consolidated Class Action Complaint ("SAC") survived three motions to dismiss filed by Apple. (*Id.*, ¶3, **Ex. A**.) Plaintiffs have moved for class certification, fact discovery closes January 21, 2021, and the merits reports of Plaintiffs' experts are due February 10. *See In Re: MacBook Keyboard Litigation*, No. 5:18-cv-02813-EJD (VKD) ("*In re MacBook*"), Dkt Nos. 203, 229, 251-255. The hearing for Plaintiffs' class certification motion is scheduled for February 4. (*Id.* at Dkt. No. 250.)

Plaintiffs served a document subpoena on Amazon on January 17, 2019. (*Id.*, ¶ 7, **Ex. B**.) The subpoena requested, *inter alia*, documents identifying the number of MacBooks that Amazon sold, and, for each MacBook: the model sold, the purchase price, and the purchase date:

> 5. Documents reflecting the number of MacBooks You [Amazon] have sold in the United States. …
>
> 7. Documents reflecting the following for each purchase of a MacBook by each Person identified in response to No. 6:[2]
>
> a. The model of the MacBook (e.g., MacBook laptop or MacBook Pro laptop);
>
> b. The purchase price; and
>
> c. The purchase date.

(*Id.* at Request Nos. 5, 7).[3] Amazon served its response and objections to the subpoena on February 1. (*Id.*, ¶ 8, **Ex. C**.) As a precondition to production of its sales records, Amazon requested an Amazon

---

[2] Plaintiffs have agreed to defer production of the contact information requested by Request No. 6.
[3] Plaintiffs subpoena also requested several categories of documents that are not at issue in this motion, including consumer complaints, repair records, and communications related to the MacBooks. While Amazon has not yet produced any of these documents, Plaintiffs have agreed to defer discussion of their production to minimize any potential burden to Amazon. Plaintiffs do not waive any arguments with respect to these additional categories of requested documents (Request Nos. 1-4, 6, and 8-10 in Plaintiffs' subpoena), and reserve their rights to later move to enforce these requests.

PLAINTIFFS' MOTION TO COMPEL AMAZON.COM, INC.'S
COMPLIANCE WITH SUBPOENA - 3

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Standard Identification Number ("ASIN") for each MacBook at issue in Plaintiffs' case. (*Id.*, Resp. to Request Nos. 5 and 7.)

Plaintiffs obtained a complete list of ASINs for the relevant MacBooks from Apple in May 2020. (*Id.*, ¶ 9.) On May 19, Amazon accepted service of an amended subpoena (reflecting an updated definition of MacBook models in the litigation) (*Id.*, ¶ 10, **Ex. D**), and Amazon served its responses and objections thereto on July 10 (*Id.*, ¶ 10, **Ex. E**.) Plaintiffs and Amazon then continued to meet and confer regarding the subpoena. (*Id.*, ¶ 11, **Ex. F**.) In the course of these discussions, Amazon would only agree to produce a small sampling of the requested sales records (for 3-5 product variations, which would be less than 6% of the requested sales data). (*Id.*) Plaintiffs explained that unless Amazon could also provide the total number of sales, the sampling would not suffice because their expert required total sales to compute damages. (*Id.*) Amazon refused to provide the total number of sales. (*Id.*)

While Amazon asserts a variety of boilerplate objections, its primary justification for refusing to produce its sales data is that production would be unduly burdensome. (*Id.*) Plaintiffs have repeatedly requested that Amazon quantify the burden in terms of the time and expense associated with the production, but Amazon has not provided this information to Plaintiffs. (*Id.*) As Plaintiffs have informed Amazon, Plaintiffs will consider reimbursement of reasonable costs if Amazon provides an estimate of those costs prior to incurring them. (*Id.*) To date, Amazon still has not produced any documents in response to Plaintiffs' subpoena and has indicated that it intends to stand on its burden objections.

Amazon's sales data is critical to Plaintiffs' damages analysis and fact discovery closes January 21, 2021. The merits reports of Plaintiffs' experts are due February 10, which is only six days after the hearing on Plaintiffs' pending motion for class certification. *See In re MacBook*, Dkt Nos. 203, 250.

PLAINTIFFS' MOTION TO COMPEL AMAZON.COM, INC.'S
COMPLIANCE WITH SUBPOENA - 4

Tousley Brain Stephens PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Accordingly, Plaintiffs cannot wait for a class certification ruling before obtaining Amazon's sales data or their expert will have insufficient time to incorporate this essential data into his analysis.

## III. ARGUMENT

### A. Legal Standard

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas to a non-party. FED. R. CIV. P. 45 and 26; *Nichols v. GEICO Gen. Ins. Co.*, No. C18-1253-RAJ, 2020 U.S. Dist. LEXIS 76409, at *3 (W.D. Wash. Apr. 30, 2020). The proper scope of discovery is the same for a non-party as it is for a party, and is subject to the relevancy limits of Rule 26. FED. R. CIV. P. 26; *Tessera, Inc. v. Micron Tech., Inc.*, No. C-06-80024-MISC-JW (PVT), 2006 U.S. Dist. LEXIS 25114, at *8 (N.D. Cal. Mar. 22, 2006). On a motion to compel the production of electronically stored information, "the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost." FED. R. CIV. P. 26(b)(2)(B). But even upon such a showing, the court may order such discovery upon a showing of good cause by the moving party. *Id.*

### B. Plaintiffs Properly Filed the Instant Motion to Compel in This Court

Plaintiffs filed the instant motion to compel against Amazon in this Court "where compliance is required." FED. R. CIV. P. 45(d), (f), and (g). Amazon is a Delaware corporation that maintains its headquarters and regularly transacts business in Seattle, Washington.[4] Because Amazon is headquartered in Seattle and resides and regularly transacts business within the Western District of Washington, it is therefore required to comply with a subpoena in this District. See FED. R. CIV. P. 45(c)(2)(A).

//

//

---

[4] https://d18rn0p25nwr6d.cloudfront.net/CIK-0001018724/2ee5455d-dee2-495f-8dcf-b3c0a9fbdf55.pdf

PLAINTIFFS' MOTION TO COMPEL AMAZON.COM, INC.'S
COMPLIANCE WITH SUBPOENA - 5

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

### C. Amazon's Sales Data Is Relevant and Proportional to Plaintiffs' Claims

Amazon's MacBook sales data is necessary for Plaintiffs' calculation of damages. *Brown v. Hain Celestial Grp., Inc.*, No. C 11-03082 LB, 2013 U. S. Dist. LEXIS 155140, at *15 (N.D. Cal. Oct. 28, 2013) (finding pricing information relevant to damages in false advertising case); *Hilsley v. Ocean Spray Cranberries, Inc.*, No. 17cv2335-GPC(MDD), 2018 U.S. Dist. LEXIS 202679, at *43-44 (S.D. Cal. Nov. 29, 2018) (conjoint analysis survey must reflect actual quantities of products sold and actual market prices during class period to satisfy damages model) (collecting cases); *Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084, 1105-1106 (N.D. Ca. 2018) (damages expert relied on actual sales data and quantities actually sold to account for supply-side factors in conjoint analysis). Plaintiffs contend that they were deprived the benefit of their bargain when Apple sold them a MacBook with an undisclosed keyboard defect. SAC, **Ex. A**, ¶ 7. Plaintiffs' expert has advanced two well-established methodologies for calculating these point of sale damages—hedonic regression and conjoint analysis. *see also Briseno v. ConAgra Foods, Inc.*, 674 F. App'x 654, 657 (9th Cir. 2017) (describing hedonic regression and conjoint analysis as "well-established damages models" for measuring "the classwide price premium attributable to [plaintiffs'] theory of liability"); see also *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 575-576 (N.D. Cal. 2020) (finding that conjoint surveys and analyses have been accepted by numerous courts in consumer protection cases). Each methodology relies upon Apple's revenue as an input, which can be derived from MacBook sales and pricing. *See* **Ex. G**, Singer Report, at ¶¶ 28, 53. While Plaintiffs' expert has made preliminary calculations based upon pricing and sales data obtained from Apple and other major resellers, including Best Buy, B&H Photo, and MacConnection, the calculations are incomplete without sales data from Amazon. McDonald Decl., ¶ 12, **Ex. H**, Singer Reply Report, at FN 7. Apple is not in possession of Amazon's sales data. Thus, Plaintiffs cannot obtain the needed information from any other source. Amazon's sales data is therefore relevant to

PLAINTIFFS' MOTION TO COMPEL AMAZON.COM, INC.'S
COMPLIANCE WITH SUBPOENA - 6

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Plaintiffs' claims and proportional the needs of Plaintiffs' case. *See Series S. Portfolio, v. Bank of New York Mellon*, No. 14 Civ. 9372 (GBD) (HBP), 2018 WL 2215510, at *7 (S.D.N.Y. May 15, 2018) ("Proportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate.")

D. **Amazon's Unsubstantiated Burden Objection Should be Overruled.**

Under Rule 45, "[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party." *Storz Mgmt. Co. v. Carey*, No. 2:18-CV-0068 TLN DB, 2019 WL 2615755, at *2 (E.D. Cal. June 26, 2019) (quoting *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005)). In determining whether a subpoena imposes undue burden, courts consider "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id.* Amazon asserts that Plaintiffs' request would impose an undue burden but fails to substantiate that burden despite Plaintiffs' repeated requests. The sales data requested by Plaintiff is essential to their damages analysis and can only be obtained from Amazon. (McDonald Decl, ¶¶ 12-13) Plaintiffs' request is limited to MacBooks sold between 2015 and 2019—recent years for which Amazon does not dispute that it maintains electronic records of sales. (*Id.* ¶ 15.) The request, moreover, is limited solely to the products at issue in Plaintiffs' case, which scope is particularized by reference to the unique ASINs that Amazon uses to identify the products it sells. (Id.) And Plaintiffs have offered to reimburse Amazon for reasonable expenses incurred in gathering the data provided that Amazon provides an estimate of those costs before incurring them, which Amazon has refused to do. (*Id.*, ¶ 16.)

The sales data sought is the kind maintained in the regular course of business by any major corporation. Major resellers such as Best Buy and B&H Photo have produced this data to Plaintiffs

PLAINTIFFS' MOTION TO COMPEL AMAZON.COM, INC.'S
COMPLIANCE WITH SUBPOENA - 7

without issue in this case. (*Id.*, ¶ 14.) And while Amazon may claim that its data systems are unique, that claim alone does not equate to undue burden, as other courts have noted, "[t]he fact that a corporation has an unwieldly record keeping systems which requires it to incur heavy expenditures of time and effort to produce requested documents is an insufficient reason to prevent disclosure of otherwise discoverable information." *Lou v. MA Labs., Inc.*, No. 12-cv-05409 WHA (NC), 2013 U.S. Dist. LEXIS 46851, at *5 (N.D. Cal. Mar. 28, 2013) (citing *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 611 (D. Neb. 2001)).

Amazon has not demonstrated that Plaintiffs' request for electronically stored data for a limited set of products over a limited time period is unduly burdensome. Amazon's sales data is essential to Plaintiffs' damages analysis and cannot be obtained from any other source. With fact discovery closing in January and the merits report of Plaintiffs' damages expert due in early February, Plaintiffs cannot await a ruling on class certification before obtaining this information. The Court should compel Amazon to produce the requested sales data.

IV.   **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court to issue an Order compelling Amazon to produce electronically stored documents or data responsive to Request Nos. 5 and 7 of Plaintiffs' subpoena.

Dated: November 13, 2020

Respectfully submitted,

TOUSLEY BRAIN STEPHENS PLLC

By: *s/ Kim D. Stephens*
   Kim D. Stephens, P.S. WSBA #11984
   1700 Seventh Avenue, Suite 2200
   Seattle, Washington 98101
   Tel:    206.682.5600/Fax: 206.682.2992
   Email:  kstephens@tousley.com

PLAINTIFFS' MOTION TO COMPEL AMAZON.COM, INC.'S
COMPLIANCE WITH SUBPOENA - 8

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

# CERTIFICATE OF SERVICE

I, Melissa W. Andrzejewski, certify that I am an employee of Tousley Brain Stephens PLLC, and on November 13, 2020, I caused the following documents to be filed with the Clerk of Court:

- Plaintiffs' Motion to Compel Amazon.com, Inc.'s Compliance with Subpoena;
- Declaration of Beena M. McDonald in Support of Motion to Compel Amazon.com, Inc.'s Compliance with Subpoena, with Exhibits;
- [Proposed] Order Granting Plaintiffs' Motion to Compel Amazon.com, Inc.'s Compliance with Subpoena; and this
- Certificate of Service

I also caused a copy of the above documents to be served on the registered agent for Respondent, Amazon.com, Inc. at the following address:

Amazon.com, Inc., Corporation Service Company,
300 Deschutes Way, SW, Suite 304
Tumwater, WA 98501
Attn: Legal Department

I also arranged for a copy of the above documents to be served on counsel for Amazon.com, Inc. and on counsel for Apple, Inc., via email:

Molly Tullman
**DAVIS WRIGHT TREMAINE LLP**
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 757-8137
Facsimile: (206) 757-7137
*mollytullman@dwt.com*

*Counsel for Respondent Amazon.com*

Penelope A. Preovolos
Claudia M. Vetesi
Camila A. Tapernoux
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522
*ppreovolos@mofo.com*
*cvetesi@mofo.com*
*ctapernoux@mofo.com*

*Counsel for Apple, Inc.*

s/ Melissa W. Andrzejewski
Melissa W. Andrzejewski

PLAINTIFFS' MOTION TO COMPEL AMAZON.COM, INC.'S
COMPLIANCE WITH SUBPOENA - 9

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992